IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Anna Colbert | ) | Case No. |
| | ) | 21-02079 |
| | ) | |
| Plaintiff | ) | **AMENDED COMPLAINT** |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| National Credit Systems, Inc. | ) | Judge: John Robert Blakey |
| 3800 Camp Creek Pkw, SW Bld 1800-110 | | |
| Atlanta, GA 30331 | ) | Magistrate: Susan E. Cox |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Anna Colbert, brings this action to secure redress from unlawful collection practices engaged in by Defendant, National Credit Systems, Inc.. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. **15 U.S.C. Section 1692c(b) makes it illegal to share information with any third party, not put on the narrow list of exceptions stated in 15 U.S.C. 1692c(b)(2).** *Hunstein v. Preferred Collection and Management, Inc.*, **19-14434, (11th Cir. 2021)**

3. A Debt Collector must cease collection communication with a Consumer if the Consumer sends written notice that they won't pay or demands they cease communication. 15 U.S.C. Section 1692c(c)

4. If a Consumer demands proof of the debt from the Debt Collector, within thirty days (30) of receiving the initial collection communication, all collection activity must stop until the Debt Collector has sent proof of the debt. 15 U.S.C. Section 1692g(b)

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff, Anna Colbert (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
8. Plaintiff is a resident of the State of Illinois
9. Defendant, National Credit Systems, Inc. ("Defendant"), is a Georgia business entity with an address of 3800 Camp Creek Pkwy SW Bldg 1800-110, Atlanta, GA 30331-6050 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
10. Unless otherwise stated herein, the term "Defendant" shall refer to National.
11. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

12. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $5742.11 (the "Debt") to an original creditor (the "Creditor")
13. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
14. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
15. On March 5, 2021, Defendant sent an initial communication to Plaintiff. See Exhibit A.
16. On or about March 10, 2021, Plaintiff received said collection letter.
17. On April 2, 2021, Plaintiff sent a letter in the mail, disputing this debt, requesting more information and to stop communicating with her about

the debt. See Exhibit B.

18. Since receiving actual notice of the letter described in paragraph 16, Defendant has continued communicating with Plaintiff via voice mails. See Exhibit C.

### 15 U.S.C. Section 1692c(b)

19. Plaintiff incorporates Paragraphs 1-18.
20. In the Defendant's collection letter (Exhibit A), it shows in the upper left hand area that the letter's originating address is "Dept 855 PO Box 4115 Concord, CA 94524"
21. Upon information and belief, this "Dept 855" is a third party "mailing house" that is not affiliated with Defendant.
22. Defendant has shared information regarding this debt to this "Dept 855…" without the Plaintiff's permission.
23. Upon information and belief, one or more human beings at this "Dept 855" ("mailing house) has seen this information described above, regarding Plaintiff.
24. Defendant has communicated information regarding the debt and that the consumer owes this debt to this third party "mailing house."
25. Defendant has violated 15 U.S.C. Section 1692c(b)(2) by this unauthorized communication.

### 15 U.S.C. Section 1692e(8)

26. Plaintiff incorporates 1-25.
27. Even if Defendant did not have notice of Plaintiff's Dispute of this debt (and they did).
28. Defendant did have actual notice when it was served on April 21, 2021. See Exhibit B
29. Defendant would have seen the exhibit (Exhibit B) disputing this debt.
30. Defendant went on to report this debt to one or more of Plaintiff's credit bureaus without indicating there was a dispute. See

**Exhibit D.**

Standing

31. Having her phone receive calls (and calls ringing) has been offense and annoying to Plaintiff.
32. Plaintiff exercised her rights under 15 U.S.C. Section 1692c(c), by calling her and leaving voice messages, Defendant has violated Plaintiff's right to privacy.
33. In addition, Plaintiff has Standing as she is alleging that unauthorized people were given information about her personal financial situation.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
35. The Defendant's conduct violated 15 U.S.C. Section 1692e by sending a misleading communication to Plaintiff.
36. The Defendant's conduct violated 15 U.S.C. Section 1692c(b) sharing her information with a third party entity without Plaintiff's permission.
37. The Defendant's conduct violated 15 U.S.C. Section 1692e by submitting false information to one or more credit bureaus without stating that it was Dispute

**JURY DEMAND**

38. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

39. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

<u>/s/ John Carlin                    </u>
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff